# United States District Court
# Northern District of Indiana

JOSEPH WINGO,

    Plaintiff,

v.

STATE OF INDIANA
DEPARTMENT OF CORRECTION,

    Defendant.

Civil Action No. 3:11-CV-292 JVB

## OPINION AND ORDER

Pro Se Plaintiff Joseph Wingo[1] sued Defendant State of Indiana Department of Corrections under the Americans with Disabilities Act, alleging in his amended complaint (DE 6) that he is a qualified individual with a disability who requested reasonable accommodation from Defendant, his employer, but was instead forced out of his job and onto a disability pension. Defendant filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that because Plaintiff mentioned Title II of the Act in paragraph 20 of his amended complaint, and Title II of the ADA does not apply to the employer/employee relationship, the complaint must be dismissed (DE 12).

In response to Defendant's motion, Plaintiff's former counsel moved to amend the amended complaint to change the reference in paragraph 20 from Title II of the ADA to Title I, calling it a scrivener's error. The motion was granted. However, although Plaintiff's counsel attached a copy of the proposed second amended complaint to her motion, she never filed the

---

[1] Plaintiff filed his original complaint pro se. He then obtained counsel, who filed an amended complaint. However, his counsel withdrew on February 9, 2012.

proposed second amended complaint. Nonetheless, on November 30, 2011, Defendant filed an answer to the first amended complaint, treating it as though it contained the correction which would have been made if the proposed second amended complaint had been filed, and referred to Count I of the ADA in its answer. (*See* DE 16, ¶ 20).

Notwithstanding Plaintiff's counsel's failure to formally file the second amended complaint, the Court treats paragraph 20 of Plaintiff's amended complaint as having been amended to refer to Title I of the ADA instead of Title II. Accordingly, because the complaint to which Defendant's motion to dismiss was directed has been superceded, Defendant's motion to dismiss (DE 12) is DENIED as moot.

SO ORDERED on March 9, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division