# United States District Court
# Northern District of Indiana

JOSEPH L. WINGO,

        Plaintiff,

        v.

STATE OF INDIANA DEPARTMENT
OF CORRECTION,

        Defendant.

Civil Action No. 3:11-CV-292 JVB

**OPINION AND ORDER**

This matter is before the Court on Defendant State of Indiana Department of Correction's motion for judgment on the pleadings (DE 30). For the reasons set forth below, the motion is GRANTED.

**A.    Background**

Plaintiff Joseph Wingo initially filed a pro se complaint. Later, counsel entered an appearance, filed an amended complaint, and then withdrew her appearance, so that Plaintiff is once again a pro se litigant.[1]

In the amended complaint, Plaintiff alleges that Defendant violated Title I of the Americans with Disabilities Act by forcing him to resign from his position as a psychiatric social services specialist at Defendant's South Bend Juvenile Correctional Facility instead of offering

---

[1] Defendant is wrong in its assertion that Plaintiff did not file a motion for leave to file an amended complaint. (*See* DE 14.) Plaintiff was granted leave to file a second amended complaint (DE 15), but had not done so by November 30, 2011, when Defendant answered the first amended complaint (DE 6), treating it as though it contained the correction which would have been made if the proposed second amended complaint had been filed (DE 16). The Court issued an order stating that it would treat paragraph 20 of the amended complaint as having been amended to refer to Title I of the ADA instead of Title II (DE 23).

him reasonable accommodation. In its answer, Defendant raises a number of affirmative defenses, including a claim of immunity from liability by virtue of the Eleventh Amendment to the United States Constitution. In its motion for judgment on the pleadings, Defendant contends that it is an arm of the state which is entitled to sovereign immunity.

**B.** **Legal Standard**

Judgment on the pleadings on a legal issue is appropriate when, after the pleadings are closed, the court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment. *See Flora v. Home Fed. Savings and Loan Assn.*, 685 F.2d 209, 211 (7th Cir. 1982). Such a motion may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The court may consider only matters presented in the pleadings. *Id.* A clearly meritorious affirmative defense may serve as the basis for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which is a motion for dismissal on the merits. *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010).

**C.** **Discussion**

The Indiana Department of Correction, the sole defendant named in Plaintiff's amended complaint, is a department in the executive branch of Indiana state government. Ind. Code § 11-8-2-1. Accordingly, it is an arm of the state for purposes of sovereign immunity. In *Board. of Trustees of University of Alabama.*, 531 U.S. 356, 360 (2000), the Supreme Court held that suits

to recover money damages for a state's failure to comply with the provisions of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111–12117, are barred by the Eleventh Amendment.

Furthermore, to the extent that Plaintiff seeks prospective equitable relief, his claim also fails. Under the *Ex Parte Young* doctrine, 209 U.S. 123, 159–60 (1908), a plaintiff may sue state officials for equitable relief from ongoing violations of federal law. *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). However, the doctrine does not apply to suits against the states and their agencies, which are barred regardless of the relief sought. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Having sued only a state agency, Plaintiff is also precluded from obtaining equitable relief.

**D.     Conclusion**

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's suit against the State of Indiana Department of Correction is dismissed with prejudice.

SO ORDERED on October 22, 2012.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division